IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NCMIC INSURANCE CO.,

        Plaintiff,

v.                                             Civil No. 98-0458 WWD/LFG

WILLIAM SMITH,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court following a hearing held before me on August 31, 1998, upon Plaintiff's Motion for Summary Judgment, filed July 22, 1998 [10-1]. Plaintiff NCMIC,[1] an insurance carrier, issued a professional liability insurance policy to chiropractor William Smith who has been sued for violation of New Mexico Trade Practices Act by Esperanza Garcia. Plaintiff has provided a defense to these claims and issued a reservation of rights to Dr. Smith. NCMIC now seeks a judicial determination that Ms. Garcia's complaint is not covered by the policy issued and that NCMIC owes neither a defense nor indemnity under the terms of the policy.[2]

At the hearing, counsel apprised me that Ms. Garcia's claims against Dr. Smith have been settled. This new wrinkle in the underlying case would ordinarily render the present motion moot, except for the fact that Defendant was unwilling to release his counterclaims of bad faith against the insurer. Further, Defendant views NCMIC's settling of the claims as an additional basis for his

---

[1] "National Chiropractic Mutual Insurance Company."

[2] Dr. Smith filed a counterclaim with the Answer including breach of contract and insurance bad faith.

counterclaims in that it represents NCMIC's acknowledgment of its obligations to the insured.  I disagree.  An insurer's decision to settle is not conclusive of its obligations to an insured.[3]  NCMIC's decision to settle Ms. Garcia's claims against Dr. Smith may have rested on any of a myriad of reasons, such as expediencies related to cost (e.g., legal fees in pursuing the present declaratory judgment action), time or legal strategy.

Counsel for Defendant alludes to the possibility that NCMIC may have been motivated to settle because Ms. Garcia's attorney in the state case intended to move to amend the complaint to include allegations of professional malpractice in order to bring the case within Policy coverage.  It may well be that Plaintiff was thinking ahead to the effect an amended complaint would have on its position; however, the only state court complaint before me is the one Ms. Garcia has filed.  Defendant cannot allege bad faith on the part of an insurer based on a complaint which is but a gleam in a lawyer's eye.

Moreover, using the fact of settlement as evidence against a party runs counter to a general policy encouraging settlement.  See American Home Assurance Co. v. Cessna Aircraft Co., 551 F.2d 804, 808  (10th Cir. 1977) ( "The inveterate policy of the law is to encourage, promote, and sustain the compromise and settlement of disputed claims"); Stanspec Corp. v. Jelco, Inc., 464 F.2d

---

[3] At the hearing, Defendant offered two cases in support of his position, both of which are easily distinguished from the present case.  In Employers Mutual Liability Ins. Co. of Wisconsin v. Sears, Roebuck & Co., 621 F.2d 746 (5th Cir. 1980), the insurer waived its noncoverage defense when it settled claims against its insured because it had failed to reserve or otherwise protect its rights.  In Pacific Indemnity Co. v. Linn et al., 766 F.2d 754 (3rd Cir. 1985), the claims against the insured alleged malpractice or professional negligence.  Here, NCMIC has reserved its rights, and the complaint does not allege professional malpractice (the very heart of Plaintiff's action here).  In fact, the Pacific Indemnity case erodes Defendant's general position in this summary judgment motion in noting that "the obligation to defend is determined solely by the allegations of the complaint in the action."  At 760.

1184, 1186 (law actively encourages compromise and settlement of disputes); Navajo Tribe of Indians v. Hanosh Chevrolet-Buick, Inc., 106 NM 705 ("It is policy of law and State of New Mexico to favor settlement agreements.").

Summary judgment entails an examination of the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits. See Gaylor v. Does, et al., 105 F.3d 572, 574 (10th Cir. Col. 1997). Because this inquiry does not include pleadings which might have been, I now turn my attention to the merits of the present motion based on the existing record.

**Summary Judgment Standard**

Summary judgment should be granted where, taking the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The non-moving party, in this case, the Defendant, must present enough evidence to allow a reasonable jury to return a verdict for him, and cannot rest upon mere allegations or denials of the pleadings. Orback v. Hewlett-Packard Co., 97 F.3d 429, 432 (10th Cir. 1996) (citing Wilson v. Meeks, 52 F.3d 1547, 1551-52 (10th Cir. 1995)).

### DISCUSSION

It is the role of the courts to interpret and enforce a contract as written by the parties. Fed. Kemper Life Ins. Co. v. Ellis, 28 F.3d 1033, 1038 (10th Cir. 1994) (construction of an insurance contract is a matter of law to be determined by the court). The contract between NCMIC and Dr. Smith covers damages from injuries which are "caused by an accident arising out of the providing or failure to provide professional services to a patient. . ." "Injury" is defined as "bodily injury, sickness, disease or death." "Professional services" is defined in the Policy as "only those services usually and customarily furnished by chiropractors." Pltff's Ex. A, "Coverage Agreement." The

Policy contains the usual exclusions pertaining to intentional injuries and attorney fees.  It also excludes "[a]ny claim under an Unfair Trade Practices Act. . ."[4]  The parties do not disagree about the interpretation of the language of the exclusions except as to whether it applies to the Garcia claims against Dr. Smith.

**I.  Insurer's Duty**

An insurer's duty to defend arises when the injured party alleges facts which would give rise to coverage under the policy, regardless of the ultimate liability of the insurer.  Marshall v. Providence Washington Ins. Co., 124 N.M. 381, 383 (Ct.App. 1997).  When an insured is sued, the insurer has no duty to defend if the allegations in the complaint clearly fall outside the policy's provisions.  Guaranty Nat'l Ins. Co. v. Baca, 120 N.M. 806 (Ct.App. 1995); Bernalillo County Deputy Sheriffs Ass'n v. County of Bernalillo, 114 N.M. 695, 697 (1992) (if the allegations of the complaint clearly fall outside the provisions of the policy, neither defense nor indemnity is required).

Esperanza Garcia's complaint contains no allegations or stated facts that would bring Dr. Smith within the coverage of the NCMIC Policy.  She alleges that she received more visits than were medically necessary; that Dr. Smith and his office gave false and misleading statements about the number of visits that would be necessary; and that she received excessive care and therapeutic modalities which were not medically necessary.  She also seeks to pierce the corporate veil and is suing for treble damages and attorney fees.   Ms. Garcia was not "injured" (as defined in the Policy) as a result of the providing of or the failure to provide "professional services" (also as defined in the

---

[4] According to Defendant, he had not received a copy of this Policy and so could neither affirm nor deny whether the policy attached to the Complaint was in fact the policy he was issued. However, based on the affidavit attached to Plaintiff's motion (Ex. I) and other testimony, I made a finding at the hearing that the policy attached to the NCMIC's Complaint is the policy issued to Dr. Smith by Plaintiff.

policy). More importantly, all of her substantive allegations, and the relief sought, are linked to conduct and claims based on unfair trade practices, which is clearly excluded under the Policy. See RTC v. Ocotillo W. Joint Venture, 840 F.Supp. 1463, 1482 (D.N.M. 1993); Hoggard v. City of Carlsbad et al, 121 N.M. 166, 172 (1995) (terms of a writing are to be given their plain meaning); Pltff's Ex. B at 3; Compl, Ex. B.[5] The complaint consists of one count under the New Mexico Unfair Trade Practice Act and one count seeking class action certification.

Nor do I see any part of the complaint as "potentially" coming within coverage. See Servants of the Paraclete, Inc. v. Great American Ins. Co., 857 F.Supp. 822, 829 (D.N.M. 1994) (no duty to defend where allegations on face of complaint are not "potentially" or "arguably" within the scope of coverage); Marshall v. Providence Washington Ins. Co., 124 NM 381, 383 (Ct.App. 1997) (citing American Gen. Fire & Cas. Co. v. Progressive Cas. Co., 110 N.M. 741, 744 (1990) (duty of insurer to defend is determined from allegations of the complaint or from known but unpleaded factual basis of the claim that arguably brings it within the scope of coverage)); Guaranty Nat'l Ins. Co. v. C de Baca, 120 N.M. 806, 810-11, (Ct.App.1995) (where there is no potential for coverage under a contract of insurance, there is no duty to defend).

In this case, a comparison of the factual allegations in the complaint with the provisions of the Policy leads to the conclusion that Ms. Garcia's claims against Dr. Smith fall outside the coverage provided in the Policy issued by NCMIC to Dr. Smith. Marshall v. Providence Washington Ins. Co., 124 NM at 383 (citing Lopez v. New Mexico Pub. Sch. Ins. Auth., 117 N.M. 207, 209 (1994) (duty of insurer to defend is determined by comparing factual allegations in

---

[5] Paragraph 12 of Esperanza Garcia's complaint reads that she "has been damaged by the unfair and deceptive trade practices of [Smith] and suffered actual damages together with emotional stress resulting from the same."

complaint with provisions of insurance policy).  This finding relieves NCMIC of its duty to defend as well as indemnify.  New Mexico Physicians Mutual Liability Co. v. LaMure, 116 N.M. 92, 95 (1993) (when a court relieves an insurer of liability under the noncoverage provisions of an insurance policy, the insurer is also relieved of any duty to defend the insured from lawsuits over the uncovered act).

**II.  Further Discovery under Rule 56(f)**

Defendant has filed an affidavit under Fed.R.Civ.P. 56(f), seeking additional time to conduct discovery.[6]  See Weir v. Anaconda Co., 773 F.2d 1073, 1081 (10th Cir.1985) (upon the filing of a 56(f) affidavit, the district court has the discretion to order a continuance to permit additional discovery or the filing of affidavits).  Although a Rule 56(f) motion should be treated liberally, see Jensen v. Redevelopment Agency of Sandy City, et al, 998 F.2d 1550, 1553 (10th Cir. 1993), I decline to grant Defendant's request.

In his response brief, Defendant states that he believes "there are documents in possession of the insurance company indicating that the Garcia claim should be covered, and I would request that my lawyer be allowed to fully explore and discover such facts or insurance company employees who may testify to such facts."  Resp., Ex. A, Smith Aff.  Sufficient time for discovery is especially important when relevant facts are exclusively in the control of the opposing party, which is what Smith alleges in his affidavit.  See Guthrie v. Sawyer, 970 F.2d 733, 738 (10th Cir. 1992) (citation omitted).  However, Defendant still has not identified what the "probable facts" are which are not available, nor "how additional time will enable him to rebut movant's allegations of no genuine issue

---

[6] No discovery has been done in this case.  However, Rule 56 does not require that discovery be completed prior to consideration of a summary judgment motion.  See Fed.R.Civ.P.56(a); Weir, 773 F.2d at 1081.

6

of fact." In Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992) (citations omitted).  The mere hope that something will turn up is not equivalent to the need for additional time in which to obtain discovery of specific and relevant factual material.  See Jarvis v. Nobel/Sysco Food Serv. Co., 985 F.2d 1419, 1422 (10th Cir. 1993) (conclusory statements regarding need for additional discovery not sufficient for Rule 56(f) purposes).

Defense counsel also argues that settlement of the state action presents further evidence of NCMIC's understanding of its obligations to defend and indemnify Dr. Smith, thereby adding stronger purpose to his Rule 56(f) request.  Aside from the fact that Defendant is inappropriately using settlement against the Plaintiff, a matter which I have discussed above, Defendant's need for additional discovery still remains little more than a request to buy time in which to ferret out any information which might prove useful as fodder for unfounded allegations of bad faith.

Summary judgment is appropriate where no facts are in dispute, but only the legal significance of the facts.  See Rummel v. Lexington Ins. Co., 123 N.M. 752, 758 (1997).  An inspection of Ms. Garcia's complaint shows that it alleges only claims to which the Policy does not apply.  Defendant has not presented an adequate basis on which to allow further discovery under Rule 56(f), especially where, as here, the court's inquiry focuses on the allegations in the complaint. See, e.g., Eureka Fed'l Savings & Loan Association v. American Casualty Co. of Reading, Pa., 873 F.2d 229, 235 (9th Cir. 1989) (additional discovery requested by insurer not permitted in declaratory judgment action where discovery on that issue could not have been determinative).

Accordingly, because Plaintiff does not have a duty to defend or indemnify Defendant in the state court action brought by Ms. Garcia against Dr. Smith, and because there is no need for further

discovery in order to proceed with a consideration of Plaintiff's present motion, I will grant summary judgment to Plaintiff.

**III.  Counterclaims of "Bad Faith"**

Although Defendant contends otherwise, the basis for the counterclaims vanishes with the determination that NCMIC has no duty either to defend or indemnify.  Defendant alleges breach of contract in Count I based on Plaintiff's "failure and refusal to perform as required under the contract."  Ans. & Counterclm at 3.  However, there can be no breach of an obligation which does not exist.  See, e.g., Ambassador Ins. Co. v. St. Paul Fire & Marine Ins. Co., 753 F.2d 824, 826 (10th Cir. 1985) (it is axiomatic that if there is no duty to settle a claim, there can be no negligent or bad faith refusal to settle);  American Motorists Ins.Co. v. Gen'l Host Corp., 919 F.Supp. 1506, 1512 (D.Kan. 1996); Hydro Systems, Inc. v. Continental Ins. Co., 929 F.2d 472, 477 (9th Cir.1991) (breach of implied covenant of good faith does not exist where there is no duty to defend); Knight v. United States Fidelity & Guaranty Ins. Co., 65 F.3d 34, 36 (5th Cir. 1995).

In pursuing the counterclaims, Defendant tries to have it both ways.  For example, Defendant alleges that by reserving its rights under the Policy, NCMIC became adverse to Dr. Smith even though it hired an attorney to represent the insured in the state case.  Ans. & Counterclm. at 4.  This argument would have more merit if stood on its head: the *failure* of NCMIC to reserve or otherwise protect its rights would have waived the noncoverage defense Plaintiff is now pursuing, thereby increasing its exposure to a risk of liability based on bad faith.  See above, n.3 (citing Employers Mutual Liability, 621 F.2d 746).  As part of one of the counts, Defendant also alleges bad faith because of NCMIC's refusal to pay "any resulting settlement or judgment."  Ans. at 4.  Ironically,

8

Defendant is now using the fact that NCMIC *has* settled the claims against Dr. Smith as evidence of bad faith.

The remainder of the counterclaims will be dismissed as well. Defendant makes allegations of communication between his attorney in the state action and the insurer which breached attorney-client privilege, and conduct which was "contrary to Dr. Smith's best interest." Ans. at 3, 4. These claims fail not only because Defendant offers no suggestion of a factual basis to support the allegations (no hint of the nature or subject of the forbidden communications, or his basis for believing that such communications were made), but also because this claim does not affect the analysis appropriate to the present action. No facts are alleged in the Garcia complaint that are the result of, or are based upon, communications between NCMIC and the attorney it hired to defend Smith. Similarly, Counts IV & V of the counterclaims, which allege violations of the New Mexico Unfair Practices Act and of the New Mexico Unfair Insurance Practices Act, present absolutely no facts concerning any conduct which violates these statutes.

Defendant offers no other evidence which could form the basis for a bad faith claim against the Plaintiff.[7] See, e.g., Morton v. Safeco Ins. Co., 905 F.2d 1208, 1212 (9th Cir. 1990) (noting that an insured can pursue a cause of action for tortious breach of the covenant of good faith and fair dealing even if it is determined that the policy did not provide coverage for the underlying loss, but affirming dismissal of bad faith claim where no other evidence of violation of obligation to act

---

[7] I note that, even if NCMIC were found to be under an obligation to defend or indemnify, denial of coverage would had to have been a "frivolous and unfounded refusal to pay." Jackson Nat'l Life Ins. Co. v. Rececconi et al, 113 N.M. 403, 419 (1992). There is no evidence of such conduct here.

9

fairly and in good faith). While the declaratory judgment action was pending here in federal court, NCMIC continued to defend the insured while reserving its rights.[8]  Now, Therefore,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [10-1] be, and hereby is, **granted**;

**IT IS FURTHER ORDERED** that all of Defendant's counterclaims against Plaintiff be, and hereby are, dismissed with prejudice in their entirety.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8] Neither can Plaintiff's filing of this action be considered evidence of bad faith.  See Zurich Ins. Co. v. Killer Music, Inc., 998 F.2d 674, 680 (fact that insurer brought a declaratory judgment action to determine its liability for coverage is not bad faith); State Farm Fire & Casualty Co. v. Trumble et al., 663 F.Supp. 317, 320 (D.Idaho. 1987) ("All courts, including this court, have recognized and condoned the use of declaratory judgment actions by insurers . . [which] does not, in and of itself, support an action for bad faith"); Internat'l Surplus Lines Ins. Co. v. Univ. of Wyo. Research Corp., 850 F.Supp. 1509, 1527 (D.Wyo. 1994) (filing of declaratory judgment action does not support claim for bad faith unless showing is made that suit was filed for an "improper or illegitimate purpose").